Damian L. Albergo, Esq. (DA 8712)
Albergo, Shmaruk & Kofman, LLC 15
Warren Street, Suite 20
Hackensack, New Jersey 07601
(201) 354-4999
dalbergo@asklawfirm.com
*Attorneys for Defendant, Zachary A. Vella*

**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GREYHAWK HAWTHORNE LENDER, LLC, <br><br> *Plaintiff,* <br><br> v. <br><br> ZACHARY A. VELLA, <br><br> *Defendant.* | Case No.: 1:25-cv-02709-LJL <br><br><br> **AMENDED NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1334(b), 1441, 1452(a), 1446 and Fed. R. Bankr. P. 9027(a)(2)(A), Defendant Zachary A. Vella ("Defendant" or "Vella"), hereby removes this action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York. In support of its Amended Notice of Removal, Defendant states as follows:

**I.    PARTIES**

1.    Plaintiff Greyhawk Hawthorne Lender, LLC ("Plaintiff" or "Greyhawk") is a limited liability company organized under the laws of the State of Delaware, with its principal

1

place of business at 1110 Glenneyre Street, Laguna Beach, California 92651.

2.     Defendant is a natural person with a principal residence in the State of Florida located at 24 S Hibiscus Drive, Miami Beach, Florida 33139 Vella and is the sole Member and Manager of each of the associated entities listed below (hereinafter the "Debtor" or "Debtors").

## II.     ASSOCIATED ENTITIES

3.     Debtor 13007 Yukon Avenue, Hawthorne LLC ("13007") is a limited liability company organized under the laws of the State of Delaware and is a debtor in possession in the action filed on February 4, 2025 in the United Bankruptcy Court for the Central District of California, Los Angeles Division (the "CA Bankruptcy Court"), captioned, In re: 13007 Yukon Avenue, Hawthorne, LLC, bearing case number 2:25-bk-10880-BR (the "Bankruptcy Case" or "Lead Case"). 13007 is the owner of a parcel of real property with the common street address of 13007 Yukon Avenue, Hawthorne, California.

4.     Debtor 13100 Yukon Avenue, Hawthorne LLC ("13100") is a limited liability company organized under the laws of the State of Delaware and is a debtor in possession in the Bankruptcy Case. 13100 is the owner of a parcel of real property and improvements with the common street addresses of 13100 and 13130 Yukon Avenue, Hawthorne, California.

5.     Debtor 12536 Chadron Avenue, Hawthorne LLC ("Chadron") is a limited liability company organized under the laws of the State of Delaware and is a debtor in possession in the Bankruptcy Case. Chadron is the owner of a parcel of real property and improvements with the common street address of 12536 Chadron Avenue Hawthorne, California.

6.     Debtor 13040 Cerise ZAV ("Cerise") is a limited liability company organized under the laws of the State of Delaware and is a debtor in possession in the Bankruptcy Case. Cerise is the owner of a parcel of real property and improvements with the common street address of 13040 Cerise Avenue Hawthorne, California.

7. The Debtors 13100 Yukon Avenue, Hawthorne LLC, case No. 2:25-bk-10881-BR, 12536 Chadron Avenue, Hawthorne LLC, case No. 2:25-bk-10882-BR and 13040 Cerise ZAV case No. 2:25-bk-10883-BR bankruptcy cases are jointly administered with the Lead Case.

8. The real property and improvements described in the above paragraphs are referred to collectively as the "Properties."

### III. VENUE

9. The United States District Court for the Southern District of New York embraces the county in which the State Court Action is now pending, and thus this Court is the proper District Court to which this case should be removed. *See* 28 U.S.C. §§ 1441(a) & 1446(a).

### IV. PROCEDURAL BACKGROUND

10. On January 27, 2025, Plaintiff commenced an action against Defendant by filing a Summons and Motion for summary judgment in lieu of complaint pursuant to CPLR § 3213 in the Supreme Court of the State of New York, County of New York, captioned *Greyhawk Hawthorne Lender, LLC v. Zachary A. Vella*, Index No. 650508/2025 (the "Motion" or "New York Case"). The following documents in support of the Motion filed with the Supreme Court of New York were annexed to the original Notice of Removal filed with this Court on April 1, 2025 and are incorporated by reference in this Amended Notice of Removal:

**Exhibit 1:** Summons

**Exhibit 2:** Notice of motion

**Exhibit 3:** Affirmation of Chris Dornin ("Dornin Aff.") (with exhibits)
  Exhibit 1 to Dornin Aff.: Loan Agreement

  Exhibit 2 to Dornin Aff.: Note

  Exhibit 3 to Dornin Aff.: Recorded Assignment of Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing reflecting the

3

assignment of the Loan to Madison Realty Capital

<u>Exhibit 4: to Dornin Aff.</u>: Omnibus Assignment

<u>Exhibit 5 to Dornin Aff.</u>: Recourse Guaranty

<u>Exhibit 6 to Dornin Aff.</u>: April 3, 2023 notice of default

<u>Exhibit 7 to Dornin Aff.</u>: Forbearance Agreement

<u>Exhibit 8 to Dornin Aff.</u>: DIL Agreement

<u>Exhibit 9 to Dornin Aff.</u>: February 6, 2024 default letter

<u>Exhibit 10 to Dornin Aff.</u>: March 1, 2024 default letter

<u>Exhibit 11 to Dornin Aff.</u>: March 21, 2024 recorded notice of default

<u>Exhibit 12 to Dornin Aff.</u>: June 2024 term sheet

<u>Exhibit 13 to Dornin Aff.</u>: August 7, 2024 letter

<u>Exhibit 14 to Dornin Aff.</u>: September 17, 2024 letter

<u>Exhibit 15 to Dornin Aff.</u>: Payoff statement dated December 16, 2024

**Exhibit 4:** Plaintiff's Memorandum of Law in Support of Motion for Summary Judgment in Lieu of Complaint.

**Exhibit 5:** Request for Judicial Intervention

**Exhibit 6:** Commercial Division Addendum

(ECF No. 1, Exs. 1-6)

11.     In the New York Case, Plaintiff seeks damages in an alleged sum certain against Defendant in his capacity as guarantor ("Guarantor") of the Debtors' loan (the "Loan").

12.     The Motion was originally returnable on March 28, 2025, however, on February 6, 2025, Plaintiff filed an amended notice of motion, also pursuant to CPLR § 3213, which is returnable on April 11, 2025 (the "Amended Motion"). The following documents in support of the Amended Motion filed with the Supreme Court of New York were annexed to the original Notice of Removal and are incorporated by reference in this Amended Notice of Removal:

4

**Exhibit 7:** Notice of Amended Motion

**Exhibit 8:** Supplemental Affirmation of Chris Dornin ("Dornan Supp. Aff.") (with exhibits 16-19) [1]

Exhibit 16 to Dornin Supp. Aff.: 13040 Cerise's Bankruptcy Petition

Exhibit 17 to Dornin Supp. Aff.: 12536 Chadron's Bankruptcy Petition

Exhibit 18 to Dornin Supp. Aff.: 13100 Yukon's Bankruptcy Petition

Exhibit 19 to Dornin Supp. Aff.: 13007 Yukon's Bankruptcy Petition

**Exhibit 9:** Plaintiff's Supplemental Memorandum of Law in Support of Motion for Summary Judgment in Lieu of Complaint.

**Exhibit 10:** Affidavit of Service as to Zachary A. Vella - Winter Haven, FL Address.

**Exhibit 11:** Affidavit of Service as to Zachary A. Vella - Shelter Island Heights, NY Address.

**Exhibit 12**: Affidavit of Service as to Zachary A. Vella - Johnston, RI Address.

**Exhibit 13**: Notice of Appearance (Post RJI).

**Exhibit 14**: Letter to Court dated March 27, 2025.

**Exhibit 15**: Letter from Court dated March 28, 2025.

(ECF No. 1, Exs. 7-15)

13. Plaintiffs' Amended Motion seeks a judgment against Defendant in the amount of $46,851,027.30, plus accrued interest from December 20, 2024 through the date of the judgment, and interest on that amount calculated at the Default Rate under Section 1.10(c) of the Recourse Guaranty (Exhibit 5 to Exhibit 3) running from March 1, 2024 through the date of the judgment.

14. On March 30, 2025, the Debtors and Vella filed a Complaint in the Bankruptcy Case seeking four claims for relief: (1) Declaratory Relief by the Debtors With Respect to

---

[1] Exhibits 1 through 15 Dornin Aff. are the same exhibits 1 through 15 in support of the Dornin Supp. Aff. and will not be duplicated for brevity.

Amounts Due Under the Loan; (2) Declaratory Relief by all [Debtors] With Respect to Amounts Due Under the Guaranty; (3) By the Debtors - Objection to Claim (the "Bankruptcy Complaint"); and (4) By all Plaintiffs – Injunctive Relief to enjoin Plaintiff from prosecuting the New York Case. A true and correct copy of the Bankruptcy Complaint and the exhibits attached thereto were previously filed with the Notice of Removal at **Exhibit 16**. (ECF No. 1, Ex. 16).

15. The Bankruptcy Complaint states that an actual controversy between Debtors, Vella and Greyhawk regarding the amount due to Greyhawk under the Loan and Guaranty entitling Vella to a judgment: (a) declaring that the Loan is usurious; (b) declaring that all interest payments made by Debtors to Greyhawk, and/or its predecessor in interest, must be applied to reduce the principal balance of the Loan; and (c) determining the amount of Vella's liability under the Guaranty.

16. The Bankruptcy Complaint further states that the Debtors are entitled to a declaratory judgment regarding Vella's liability under the Guaranty because: (a) to the extent Vella pays any money to Greyhawk, Vella will have a claim against the Debtors for indemnification, contribution and/or reimbursement; (b) to the extent Vella is found liable to Greyhawk under the Guaranty, Vella will have a contingent claim against the Debtors for indemnification, contribution and/or reimbursement; and (c) the Debtors have a financial interest in ensuring that Vella's liability to Greyhawk is not greater than the Debtors' liability to Greyhawk.

17. On April 1, 2025, Vella filed a Notice of Removal with this Court. (ECF No. 1).

18. On April 23, 2025, Vella filed a Motion to transfer this case to the United States District Court for the Central District of California. (ECF No. 4).

19. On April 23, 2025, Greyhawk filed a Motion to Remand this action back to the Supreme Court of the State of New York, County of New York. (ECF No. 5).

20. On April 24, 2025, an Order Converting the Bankruptcy Case to Chapter 7 was signed. (A true and correct copy of the Order Converting the Bankruptcy Case to Chapter 7 is

annexed hereto as **Exhibit 1**).

21.     Pursuant to 28 U.S.C. § 1446(b)(3), this Notice of Removal is timely filed within 30 days after the receipt by Defendant of a copy of the Bankruptcy Complaint.

22.     This removal action is also timely filed and properly brought under Fed. R. Bankr. P. 9207(a)(2)(A), as it is brought within ninety (90) days after the order for relief in the bankruptcy case.

23.     The Debtors commenced their Bankruptcy Case by filing a petition on February 4, 2025. (A true and correct copy of the Bankruptcy Petition is annexed hereto as **Exhibit 2**).

24.     On February 10, 2025, the Debtors Bankruptcy Cases were ordered to be jointly administered.  (A true and correct copy of the Order to jointly administer the Bankruptcy Cases is annexed hereto as **Exhibit 3**).

25.     In voluntary bankruptcy cases, the commencement of the case itself constitutes an order for relief as set forth in 11 U.S.C.A. § 301(b).  The Debtors Bankruptcy Cases were voluntarily filed.

**V.     REMOVAL IS PROPER PURSUANT TO 28 U.S.C. § 1452(a), 1334(b), 1146 and FED. R. BANKR. P. 9207(a)(2)(A)**

26.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1452(a) in that this is a civil action related to a bankruptcy case.

27.     This removal action is properly brought under 28 U.S.C. § 1334(b) and 1446 as the district courts shall have original and exclusive jurisdiction of all cases under Title 11 of the United States Code.

28.     This removal action is also properly brought under Fed. R. Bankr. P. 9207(a)(2)(A) as it is brought within ninety (90) days after the February 4, 2025 order for relief in the bankruptcy case.

29. In filing this amended notice of removal, Vella consents to the bankruptcy court's entry of a final judgment or order.

30. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly provide written notice of this Amended Notice of Removal of this action to Plaintiff and will promptly file a copy of this Amended Notice of Removal with the Clerk of Court, New York County, in the Supreme Court of the State of New York.

## VI.  FACTS IN SUPPORT OF REMOVAL

31. The following facts are taken from the Bankruptcy Complaint. On or about August 31, 2021, the Debtors entered into a Loan Agreement (the "Loan Agreement") with lender Hawthorne Portfolio Lender LLC ("Hawthorne Lender"). A true and correct copy of relevant portions of the Loan Agreement are excerpted and attached as Exhibit 1 to the Bankruptcy Complaint. Under the Loan Agreement, Hawthorne Lender agreed to lend the Debtors up to $79,055,700 (the "Loan").

32. Pursuant to Paragraph 2.2 of the Loan Agreement, the Loan accrued interest at an adjustable rate calculated by adding 5.85% to a financial index called the One-Month London Interbank Offered Rate ("LIBOR").

33. Repayment of the amounts borrowed by the Debtors under the Loan Agreement is secured by one or more deeds of trust that encumber the Properties (collectively, the "Deed of Trust"). A true and correct copy of the Deed of Trust is attached as Exhibit 2 to the Bankruptcy Complaint.

34. In connection with the Loan transaction, Vella executed in his individual capacity a Guaranty of Recourse Obligations (the "Guaranty"). A true and correct copy of the Guaranty is attached as Exhibit 3 to the Bankruptcy Complaint.

35. A licensed California real estate broker did not make or arrange, and as not

otherwise involved in the making of the Loan.

36. Hawthorne Lender's rights under and interest in the Loan and Guaranty were subsequently assigned to Madison Realty Capital Debt MA II Holdings B LLC ("Madison Lender").

37. Effective December 2022, the One-Month LIBOR increased to 4.32689%, and continued to increase through 2023 and 2024, causing the interest rate under the Loan to exceed 10% from and after December 2022.

38. On October 3, 2023, the Debtors and Madison Lender entered into a Forbearance Agreement. Among other things, the Forbearance Agreement modified the terms of the Loan Agreement by: (1) increasing the Loan amount to $45,204,499.81 by capitalizing accrued and unpaid interest due under the Loan, and other charges; and (2) increasing the interest rate under the Loan to the "Default Rate" which is defined at page 10 of the Loan Agreement to be "a rate per annum equal to the lesser of (a) the Maximum Legal Rate, or (b) twenty percent (20.00%) per annum." A true and correct copy of the Forbearance Agreement is attached as Exhibit 4 to the Bankruptcy Complaint.

39. A licensed California real estate broker did not make or arrange and was not otherwise involved in the making of the Forbearance Agreement.

40. During the course of the Loan Agreement, the lenders charged the Debtors interest under the Loan Agreement in excess of 10% per annum and have to date collected close to $12,000,000 in interest payments from the Debtors.

41. Specifically, the prior lenders charged [Debtors] a 20% rate of interest per annum effective January 1, 2023. At the time the Debtors lender started to charge Debtors a 20% interest, the unpaid principal balance of the loan was $40,873,744.15.

42. Madison Lender's rights under and interest in the Loan and Guaranty were assigned

to Greyhawk effective December 23, 2024.

43. For the time period of January 1, 2023 through December 31, 2023, prior lenders, and/or assignee Greyhawk, charged the Debtors over $16 million in interest at a rate of 20%. For the time period of January 1, 2023 through December 31, 2023, the Debtors made approximately $11.9 million in interest payments to lenders.

44. On or about January 21, 2025, the Debtors received a Notice of Trustee's Sale ("NOS"), which Greyhawk had caused to be recorded in the Official Records of the County of Los Angeles County. The NOS scheduled a February 5, 2025 trustee's sale of the Properties.

45. The NOS states that the total amount due under the Loan is $47,558,932.40.

46. Thereafter the Debtors filed the Bankruptcy Case. The filing of the bankruptcy petitions stayed the scheduled foreclosure sale of the Properties under § 362(a) of the Bankruptcy Code.

47. Greyhawk has demanded that Debtors pay $47,558,932.40 to pay off the Loan, a substantial portion of which consists of interest charged at a rate of 20% per annum, which exceeds the 10% limit on interest under the California Constitution and is therefore usurious.

48. In its dealings with Debtors, Greyhawk has acted in bad faith and with intent to avoid the applicable usury laws.

49. The Debtors have obtained a loan commitment for sums sufficient to pay off the Loan, minus usurious interest, and have requested a new payoff from Greyhawk excluding all usurious sums, but Greyhawk has not provided it, thus preventing a valid loan pay off.

50. Because the Loan is usurious, all interest payments made by Debtors to Greyhawk and/or its predecessor in interest must be applied to reduce the principal balance of the Loan, which means that Greyhawk's $47 million dollar payoff demand is overstated, which means the amount sought by Greyhawk against Vella as Guarantor in the New York Case, is also overstated.

51. Greyhawk, in the New York Case is, as aforesaid, seeking over $46,851,027.30 from Vella as Guarantor. The Bankruptcy Complaint will settle the amount due from the Debtors to Greyhawk under the Loan, which, in turn, will resolve the amount due from Vella to Greyhawk.

52. Vella has already filed a motion to transfer the action from this Court to the CA Bankruptcy Court pursuant to 28 U.S.C. §1412. 28 U.S.C. §1412 is appropriate as this matter is related to the bankruptcy proceedings and is both in the interest of justice and convenience of the parties.

53. In the interest of justice, and in order to avoid inconsistent rulings, the amount due and owing to Greyhawk from the Debtors under the Loan, which directly impacts the amount due to Greyhawk from Vella as Guarantor, must be resolved on one forum, which, respectfully, is the CA Bankruptcy Court.

## VII. **CONCLUSION**

54. Based upon the foregoing, this Court has jurisdiction over this matter, and the claims properly are removed to this Court. In filing this amended notice of removal, Defendant does not waive, and specifically reserves, all defenses, objections, denials, exceptions, rights, and motions. No statement herein or omission shall be deemed to constitute an admission by Defendant of any of the allegations of, or damages sought in, Plaintiff's pleadings.

WHEREFORE, Defendant removes this action from the Supreme Court of the State of New York, New York County (Index No. 650508/2025) to the United States District Court for the Southern District of New York.

Dated: April 28, 2025
      Hackensack, New Jersey

                                    ALBERGO, SHMARUK & KOFMAN, LLC

                                    By: /s/ Damian L. Albergo
                                         Damian L. Albergo
                                         15 Warren Street, Suite 20
                                         Hackensack, New Jersey 07601
                                         (201) 354-4999
                                         dalbergo@asklawfirm.com
                                         *Attorneys for Defendant,*
                                         *Zachary A. Vella*