```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
GREYHAWK HAWTHORNE LENDER, LLC,                                        :
                                                                       :
                              Plaintiff,                               :
                                                                       :      25-cv-2709 (LJL)
            -v-                                                        :
                                                                       :      MEMORANDUM AND
ZACHARY A. VELLA                                                       :          ORDER
                                                                       :
                              Defendant.                               :
                                                                       :
-----------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/31/2025

LEWIS J. LIMAN, United States District Judge:

On June 23, 2025, the Court granted the motion to remand of Plaintiff Greyhawk Hawthorne Lender ("Greyhawk" or "Plaintiff"), denied the motion to transfer of Defendant Zachary Vella ("Vella" or "Defendant"), and awarded Greyhawk reasonable attorneys' fees and costs. Dkt. No. 22. Greyhawk now moves for attorneys' fees and costs in the amount of $197,693.66 plus post-judgment interest. Dkt. No. 23. Defendant opposes the motion. Dkt. No. 26.

For the reasons that follow, the motion is granted in part and denied in part. Greyhawk is awarded attorneys' fees and costs in the amount of $62,060.60 plus post-judgment interest.

## BACKGROUND

As more fully set out in the Court's previous Opinion and Order, this case involves a loan entered into between certain lender entities and borrower entities associated with Vella (the "Borrowers"). Dkt. No. 1. The loan was personally guaranteed by Vella. *Id.* ¶ 25. The lender's rights under the loan and guaranty were eventually assigned to Greyhawk. *Id.* ¶ 33. After the Borrowers allegedly failed to make payments due under the Loan, Plaintiff filed suit in New

York State Court against Vella on the guaranty.  *Id.* ¶¶ 10–11.  Plaintiff seeks a judgment of $46,851,027.30 plus accrued interest.  *Id.* ¶ 13.

The Borrowers, but not Vella, subsequently filed for bankruptcy in the Central District of California.  *Id.* ¶¶ 3–7, 35.  Vella then attempted to remove this case, which solely concerns Greyhawk's attempt to enforce the Guaranty against Vella, from New York state court to federal court on the basis that it was a core proceeding arising under Title 11 or otherwise related to the Borrowers' bankruptcy such that this Court has jurisdiction under 28 U.S.C. § 1334(b).  *Id.*; Dkt. No. 12.  The Court granted Greyhawk's motion to remand and granted attorneys' fees, holding that Defendant's arguments lacked an objectively reasonable basis and were intended to prolong the litigation.  Dkt. No. 22.

Due to Defendant's removal, Plaintiff was required to fully brief a motion to remand in a specialized area of law.  Plaintiff was also required to separately brief Defendant's motion to transfer, which involved interrelated issues concerning the connection of this case to the bankruptcy proceeding.  Defendant filed an amended notice of removal in the middle of briefing on the motion to remand, requiring supplemental letter briefing.  Finally, the Court held an oral argument on the motions to remand and transfer.

## DISCUSSION

The "starting point" and "lodestar" in analyzing whether claimed attorneys' fees are appropriate is "the product of a reasonable hourly rate and the reasonable number of hours required by the case."  *Milea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011); *see also Lilly v. City of New York*, 934 F.3d 222, 227–34 (2d Cir. 2019) (discussing calculation of reasonable hourly rates and reasonable number of hours expended).  The party seeking fees bears the burden of demonstrating that its requested hours and hourly rates are reasonable and must provide a court with sufficient information to assess the fee application.  *See, e.g., Allende v.*

*Unitech Design, Inc.*, 783 F. Supp. 2d 509, 512–13 (S.D.N.Y. 2011).  This approach is intended to "produce[] an award that roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010).

A reasonable hourly rate is one "in line with . . . prevailing [rates]" in the district where the court sits "for similar services by lawyers of reasonably comparable skill, expertise and reputation." *See McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). In determining the appropriate hourly rate, a court should consider:

> the complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially acted pro bono (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) that an attorney might expect from the representation.

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 184 (2d Cir. 2008).  Once a reasonable rate of pay has been calculated, it is multiplied by a reasonable number of hours expended to determine the award amount.  In this process, a court has discretion to disregard hours viewed as "excessive, redundant, or otherwise unnecessary." *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Plaintiff seeks $195,438.60 in attorneys' fees and $2,255.06 in expenses for 234.20 billable hours.  Dkt. No. 23 ¶¶ 4, 7.  Defendant does not dispute the requested $2,255.06 in expenses.  *See* Dkt. No. 26 ("Opp. Brief").  However, the requested fee award is unreasonable for the work performed and will be reduced.

I.      **Reasonable Hourly Rate**

Plaintiff seeks a rate of $1,095 per hour for David Zalman, a partner with twenty years of commercial litigation experience. Dkt. No. 27 ¶¶ 3, 9. Plaintiff seeks $936 per hour for William C. Heck, a retired partner with fifty years of complex commercial litigation experience and $960 per hour for Randall L. Morrison Jr., a special counsel with almost ten years of experience and a focus on commercial litigation. *Id.* ¶¶ 4–5, 9. These rates are unreasonably high, even for experienced partners. In *(RC) 2 Pharma Connect, LLC v. Mission Pharmacal Co.*, the Court remunerated partners with "significant experience in complex general business litigation" at $500 and $550 per hour. 2023 WL 112552, at *4 (S.D.N.Y. Jan. 4, 2023). Other cases have held that a reasonable rate for partners in this District is between $500 and $700 per hour. *See H.B. Auto. Grp., Inc. v. Kia Motors Am.*, 2018 WL 4007636 (S.D.N.Y. Aug. 22, 2018) (collecting cases for proposition that partners at national law firms typically are awarded rates between $500 to $700); *Zero Carbon Holdings, LLC v. Aspiration Partners, Inc.*, 2024 WL 3409278, at *6 (S.D.N.Y. July 15, 2024) (same). Although some cases have held that "partner billing rates in excess of $1,000 an hour are by now not uncommon in the context of complex commercial litigation," this case is not sufficiently complex for such rates to be reasonable. *United States Bank Nat'l Ass'n v. Dexia Real Estate Capital Markets*, 2016 WL 6996176, at *8 (S.D.N.Y. Nov. 30, 2016). It is a relatively straightforward action to collect on a guaranty. Given the significant experience of Zalman and Heck and continuing increases in partner billing rates, the Court accepts an hourly rate of $800 as reasonable for these partners. An hourly rate of $550 is reasonable for Morrison, a special counsel with significantly fewer years of experience.[1]

---

[1] Although Plaintiff cites to some cases supporting higher rates, these cases often involved external evidence that the fees were in line with peer firms, or had actually been paid, and a lack of opposition from opposing counsel. *See Vista Outdoor Inc. v. Reeves Fam. Tr.*, 2018 WL

4

Plaintiff submits a $605 hourly rate for Nathan Verrilli and Cole Daly, junior associates admitted to practice before the New York Bar in 2024 after graduating in 2023. Dkt. No. 27 ¶¶ 6–7, 9; *see* Dkt. No. 27-1 at 13–16. This rate is significantly higher than rates found reasonable by the Court for junior associates with significantly more experience. *See (RC) 2 Pharma Connect*, 2023 WL 112552, at *4 (finding $250 per hour an appropriate rate for an associate with three to four years of experience after rejecting the requested rate of $320–$355); *Zero Carbon Holdings*, 2024 WL 3409278, at *6 ("Courts have . . . found hourly rates between $300 to $585 to be reasonable for associates."); *see also Rubenstein v. Advanced Equities, Inc.*, 2015 WL 585561, at *6–7 (S.D.N.Y. Feb. 10, 2015) (finding $350 an hour reasonable for associates with up to four years of experience). Although Plaintiff cites a few cases approving higher rates, one

---

3104631, at *6 (S.D.N.Y. May 24, 2018) (finding unchallenged $1,260 hourly rate for a partner reasonable as "similar to those regularly charged to and paid by Gibson Dunn's clients" and "not excessive in the New York City 'big firm' market"); *Mosher v. Davita Healthcare Partners Inc.*, 2016 WL 3963131, at *1 (S.D.N.Y. July 20, 2016) (approving uncontested hourly rates of $1,134 for a partner as "consistent with prevailing rates charged by similar New York City firms" as evidenced by "a survey of billing rates charged at some of the nation's largest law firms); *see also Dexia Real Est.*, 2016 WL 6996176, at *8 ("[I]t is significant, as a form of 'market confirmation' as to their reasonableness, that [defendant]—a sophisticated consumer of legal services—agreed to both [attorneys'] fees in an 'arms-length' transaction, and paid the invoices for those fees in full."); *MSC Mediterranean Shipping Co. Holding S.A. v. Forsyth Kownacki LLC*, 2017 WL 1194372 (S.D.N.Y. Mar. 30, 2017) (confirming partner rate of $1,048.47 in unopposed contractual attorneys' fee award in default judgement). Other examples of such high rates are figures derived from calculations used as secondary checks on the reasonableness of contingency fees. *See, e.g., Pearlstein v. Blackberry Ltd.*, 2022 WL 4554858, at *6, 9–10 (S.D.N.Y. Sept. 29, 2022) (finding $1,200 a reasonable senior partner rate for "attorneys who are highly experienced in complex securities litigation and deeply familiar with the legal and factual issues of the case"—which spanned nine years—when ascertaining the reasonableness of awarding one-third of a settlement fund); *In re GSE Bonds Antitrust Litig.*, 2020 WL 3250593 (S.D.N.Y. June 16, 2020) (conducting crosscheck of settlement fee award); *Torres v. Colvin*, 2014 WL 909765, at *5 (S.D.N.Y. Mar. 6, 2014) (awarding at effective rate of $1,000 in fee context where "both the Supreme Court and the Second Circuit have explicitly rejected the use of the lodestar method to determine what is reasonable" and "to reject a fee request because the resultant hourly rate is too high serves only to penalize efficiency, rather than rewarding it"). As already noted, this is not the sort of matter for which a reasonable client would pay fees which many courts have held to be beyond the reasonable range.

5

of those cases recognized that its award was unusual. *See Vista Outdoor Inc. v. Reeves Fam. Tr.*, 2018 WL 3104631, at *6 (S.D.N.Y. May 24, 2018) (noting that only one other case supported an award in the range of $569 to $753 for associates at a large firm); *but see Mosher v. Davita Healthcare Partners Inc.*, 2016 WL 3963131, at *1 (S.D.N.Y. July 20, 2016) (accepting uncontested rates of $661 and $783 for associates as within the "range of reasonableness"). The associates here are inexperienced, and the complexity of the case does not justify an unusual rate award. The Court holds that an hourly rate of $300 is reasonable for the junior associates.

**II.     Hours**

Plaintiff seeks to bill 234.20 hours for bringing the motion to remand and opposing the transfer motion. Dkt. No. 23 ¶ 7. The hours are divided as follows: 55 collectively to the Partners Zalman and Heck, 87.4 to the Special Counsel Morrison, and 91.8 collectively to the Junior Associates Verrilli and Daly. Dkt. No. 23-1.

The language of the Opinion and Order awarding fees creates a threshold dispute over whether hours billed opposing Defendant's motion to transfer should be included in the fee award. Defendant argues that the 48 hours spent on the transfer motion fall outside the Court's Opinion and Order, which awarded "attorney's fees and costs for bringing the motion to remand." Opp. Brief at 12, 13 n.6; *see* Dkt. No. 22 at 34. However, 28 U.S.C. § 1447(c) provides for an award of fees "incurred as a result of removal." 28 U.S.C. § 1447(c). Given that a motion to transfer under 28 U.S.C. § 1412 is a strictly federal procedural motion, fees opposing such motion were necessarily incurred as a result of removal. *See CityView Towne Crossing Shopping Center Fort Worth Tx. Ltd. P'ship v. Aissa Med. Res. L.P.*, 474 F. Supp. 3d 586, 602 (W.D.N.Y. 2020) ("Plaintiff is entitled to its reasonable attorneys' fees and costs in connection with opposing Aissa's motion to transfer venue and in filing its motion to remand."). In addition, the issues raised by the two motions are "inextricably intertwined and involve a common core of

facts or are based on related legal theories." *Holick v. Cellular Sales of N.Y., LLC*, 48 F.4th 101, 106 (2d Cir. 2022). The infelicitous language of the Court's prior order did not prejudice Defendant, as he has had a fair chance to brief and has actually briefed the fees arising from the motion to transfer. Dkt. No. 27 at 12. The Court will not exclude time spent on the motion to transfer from the fee award.

However, the overall time spent on the motions to remand and transfer is unreasonable given the complexity of the issues. On the one hand, the motion to remand here was not as straightforward as in cases where, for example, "removal was predicated on a diversity of citizenship that clearly does not exist." *Prescia v. U.S. Life Ins. Co. in City of New York*, 2010 WL 4344561, at *3 (S.D.N.Y. Nov. 1, 2010); *see Naxos Art, Inc. v. Zoullas*, 2017 WL 2894142 (S.D.N.Y. July 7, 2017); *Axelrod v. Klein*, 2016 WL 6330433, at *3 (S.D.N.Y. Oct. 28, 2016); *MB Fin. Bank, N.A. v. 56 Walker, LLC*, 2011 WL 6338808, at *2–4 (S.D.N.Y. Dec. 19, 2011); *Frontier Park Co., LLC v. Contreras*, 35 F. Supp. 3d 264, 273–74 (E.D.N.Y. 2014). Plaintiff was required to fully brief the three prongs of the bankruptcy removal statute, explain the relationship between this proceeding and the Borrowers' bankruptcy, and defend its position at oral argument. Nevertheless, over 200 hours is an excessive amount of time to spend on a case in which the briefs submitted were relatively short and Defendant's argument that this was a core bankruptcy proceeding fundamentally lacked color. The most legally challenging issue in the case, the timeliness of removal, was introduced by Plaintiff. The issue was not necessary to the Court's decision, it was arguably added as a gratuitous point, and Plaintiff did not prevail on it. Although Plaintiff cites to a few cases in the range of hours sought by Plaintiff, these are well outside of the norm even for complex motions to remand. *See Cleanup N. Brooklyn by Chantrtanapichate v. Brooklyn Transfer LLC*, 373 F.Supp.3d 398, 406–08 (E.D.N.Y. 2019)

7

(finding over 200 hours reasonable on a motion to remand); *CMGRP, Inc. v. Agency for the Performing Arts, Inc.*, 2016 WL 9080233, at *2 (S.D.N.Y. July 8, 2016) (same); *but see Oriska Corp. v. Garden Care Ctr., Inc.*, 2022 WL 2834940, at *6 (E.D.N.Y. July 20, 2022) ("93.4 hours is reasonable for the time involved in making the remand motion (or its equivalent in a pre-motion letter) in multiple cases."); *Bay Park Ctr. for Nursing & Rehabilitation LLC v. Philipson*, 659 F. Supp. 3d 312, 323 (E.D.N.Y. 2023) (granting fees for 88.8 hours as reasonable to remand eleven closely related actions).

Defendant also argues that Plaintiff's hours should be reduced for block billing. Opp. Brief at 13–14. The billing entries are sufficiently detailed for the Court to determine the work completed by the attorneys. However, the entries include a large number of internal communications and conferences which are a function not of the work reasonably done on the motion, but of the number of lawyers staffed on the matter. In addition, the entries include some administrative tasks. For example, entries include "coordinate with Managing Attorney to file reply brief on docket"; "ordering hearing transcripts"; and "coordinate with Copy Center." Dkt. No. 27-1 at 7. A reduction is warranted based on the number of internal communications and administrative tasks, which may also explain the surprisingly large number of total hours billed.

The "court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." *Zero Carbon Holdings*, 2024 WL 3409278, at *6 (quoting *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998)); *see Williams v. Epic Sec. Corp.*, 368 F. Supp. 3d 651 (S.D.N.Y. 2019); *Fox v. Vice*, 563 U.S. 826, 838 (2011) ("[T]rial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time."). The Court will reduce the hours

of each attorney by 50% to account for the excess hours billed given the complexity of the motion.

### III. Calculation

Accordingly, the Court calculates the reasonable fee as follows:

| Attorney(s) | Title | Rate | Hours | Fee |
|---|---|---|---|---|
| Zalman & Heck | Partner | $800 | 27.5 | $22,000 |
| Morrison | Special Counsel | $550 | 43.7 | $24,035 |
| Verrilli & Daly | Associate | $300 | 45.9 | $13,770 |
| | | | **Total Fees** | $59,805 |

Adding the reasonable attorneys' fees of $59,805 to the undisputed $2,255.06 in costs yields a total award of $62,060.

### CONCLUSION

The motion for attorneys' fees is GRANTED IN PART and DENIED IN PART. Plaintiff is awarded attorneys' fees and costs in the amount of $62,060 plus post-judgment interest.

The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: July 31, 2025
      New York, New York

                                                LEWIS J. LIMAN
                                     United States District Judge